PER CURIAM:
Claimant brought this action for damages to his 1980 Chevrolet wrecker which occurred when he was traveling on County Route 37 near East Lynn in Wayne County. At that time, claimant’s wrecker struck a ditch which extended across both lanes of the road. Respondent was at all times herein responsible for the maintenance of County Route 37 in Wayne County. The Court is of the opinion to make an award to claimant for the reasons set forth herein below.
On December 2, 2000, at approximately 11:30 a.m., claimant was towing a 1999 Hyundai automobile for a customer. He was driving his wrecker on County *75 Route 37 near East Lynn proceeding to Ft. Gay when he came upon a ditch described as being two feet wide, six inches deep, and extending across both lanes of travel. County Route 37 in this area is a two-lane, asphalt road with a shaip curve on both sides of the ditch that had been dug in the pavement. As claimant drove around a sharp curve, he saw the ditch across the road and he applied his brakes, but the wrecker went into the ditch. As the wrecker came out of the ditch, the automobile being towed shifted causing the right hook to come loose from the automobile and then the wrecker jack-knifed into the hillside. The front end of the wrecker sustained damage in the amount of $3,821.30 as a result of the accident. Claimant also incurred towing expense in the amount of $200.00 which represents a tow charge of $ 100.00 per vehicle towed and he incurred $ 10.00 for obtaining a copy of the accident report prepared by the Sheriffs office in Wayne County. Claimant’s total loss is $4,031.30.
Claimant’s position in this action is that respondent failed to maintain the ditch across County Route 3 7 in proper condition for the traveling public. There were no warning signs about the ditch which was across both lanes of travel.
Respondent’s storekeeper in Wayne County, Geoffrey Adkins, testified that respondent’s employees had dug a twenty-four inch trench across County Route 37 in order to place a pipe across the road to correct a drainage problem. According to respondent’s work orders, this work was performed on November 28, 2000, and employees returned to the area on November 29 and 30,2000, to place more material in the ditch as settlement occurred. However, respondent’s employees did not return to check the area on December 2,2000, the date of claimant’s accident. Respondent did not place warning signs in the area of the ditch because it was not anticipated that further settlement in the ditch would occur. Mr. Adkins explained that County Route 37 is a route used by coal trucks which could have caused the settlement of the material in the ditch.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). In the claim herein, the Court has determined that respondent was negligent in its maintenance of County Route 37 on the date of claimant’s accident. Respondent should have anticipated that settlement of the material in the ditch across County Route 37 would occur. Further, respondent should have placed warning signs as the ditch was between two sharp curves on County Route 37 such that travelers on the road would not have time to slow down or stop prior to driving across the ditch. The Court holds that the negligence of the respondent was the proximate cause of claimant’s accident resulting in the damages to his wrecker. Therefore, claimant may make a recovery in this claim.
Accordingly, the Court is of the opinion to and does make an award to claimant in the amount of $4,031.30.
Award of $4,031.30.